## Case No. 3,524.

### The C. VANDERBILT.

[10 Ben. 607.][1]

District Court, E. D. New York. Oct. Term, 1879.

COLLISION IN NORTH RIVER—TUG AND TOW—CONFLICT OF EVIDENCE.

Where a canal-boat, in a tow coming down the North river, was sunk and the insurance company who paid the loss libelled the steamboat towing the canal-boats and a tug which was helping her, and the owner of the cargo on board the sunken boat also libelled them, both claiming that the sinking was in consequence of a collision between the sunken boat and another boat in the tow, by the fault of the steamboats, *held*, that the only question was whether there was any collision at all, and the conflict of evidence being too great to warrant a finding in favor of the libellants, the libels must be dismissed with costs.

John McDonald, for libellants.

C. & A. Van Santvoord, for claimants.

BENEDICT, District Judge. These two actions are brought to recover for the loss of the canal-boat Willie of Greene, and her cargo of coal, a vessel that sank near Yonkers on the North river while in the tow of the steamboat C. Vanderbilt. The canal-boat was insured in the Mercantile Mutual Insurance Company, and that company, having paid the loss, now brings the first of the above actions. The second action is brought by the owner of the cargo of coal lost with the boat. The allegation of the libellants is, that the cause of the sinking of the Willie was an injury by a collision with the canal-boat Knickerbocker while the Willie was in a tow being made up for the C. Vanderbilt, and the Knickerbocker was being placed in that tow by the tug A. B. Preston, then employed by the owners of the C. Vanderbilt as a helper to assist in making up the tow. The case differs from most collision cases in that the disputed question is not how the collision

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

occurred, but whether there was any collision at all.

In behalf of the libellants there are four witnesses, neither of whom has any pecuniary interest in the suit, each of whom was in a position to know what occurred at the time the Knickerbocker was placed in the tow by the Preston, and each of whom testifies that on that occasion a collision did occur between the Willie of Greene and the Knickerbocker. In behalf of the claimants the captain and part-owner of the Preston, who was on board and in command of the Preston at the time—the deck hand of the Preston, also on board at the time—the collector of the Schuyler line, and a passenger, both of whom were on the Preston at the time of the alleged collision, and the mate of the Vanderbilt, all being in a position to know if a collision had occurred, deny that the Knickerbocker was in contact with the Willie on the occasion referred to. There are, besides, several witnesses from other boats in the tow, more or less favorably situated to know what occurred, who also deny having seen or heard of any collision at the time when the Knickerbocker was brought to the tow by the Preston.

As between these two opposing forces it might perhaps be said that the weight of evidence is with the libellants, inasmuch as none of the libellants' witnesses have any interest in the suit, nor, so far as can be discovered, any motive to fabricate the collision described by them, while one of the witnesses upon the other side is directly interested in the result, and three others likely to be biased in favor of the claimant; moreover, all the evidence of the claimant is to a certain extent negative, while the libellants' witnesses speak affirmatively in regard to an occurrence that, as they say, took place in their presence. If, therefore, I was forced to decide this case upon the testimony as to what occurred at the making up of the tow, I should be inclined to say that the libellants could properly claim to have the weight of the evidence.

But in addition to the testimony in regard to the collision itself, there is evidence in regard to what occurred at the time when the Willie went down and also in regard to the pumping on board of her, and the efforts to call the attention of those on the Vanderbilt to the condition of the Willie after the tow had started. The testimony given by the captain of the Willie in this branch of the case is disputed in several particulars by witnesses who have no interest in the suit, and a state of facts is shown calculated to create a suspicion that the master of the Willie was not unwilling that his boat should sink. The testimony in regard to what occurred after the alleged collision tends, therefore, to discredit the statement of the master in regard to what occurred when the tow was made up, and leaves the case in such doubt that I am unable to say that I am satisfied to hold that the sinking of the boat was occasioned by injuries received by her from a collision with the Knickerbocker while the tow was being made up. The libels must therefore be dismissed and with costs.